UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN LEE ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:13-cr-00158-LEW-1 |
| ) | 1:25-cv-00201-LEW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 164.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the limitations period expired. (Response, ECF No. 171.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In September 2013, a grand jury indicted Petitioner for possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A). (Indictment, ECF No. 1.) After a trial in October 2014, the jury found Petitioner guilty. (Jury Verdict, ECF No. 78.) In April 2015, the Court sentenced Petitioner to ninety months in prison to be followed by sixty months of supervised release. (Judgment, ECF No. 95.) The First Circuit affirmed in September 2016. *United States v. Ross*, 837 F.3d 85, 87 (1st Cir. 2016).

In April 2023, while serving his term of supervised release, Petitioner was again found in possession of child pornography. The Probation Office moved to revoke his supervised release. (Motion for Warrant, ECF No. 131.) Petitioner did not contest the allegations, and the Court revoked his supervised release in October 2024. (Revocation Hearing, ECF No. 161.) The Court imposed a term of twenty-four months in prison. (Revocation Judgment, ECF No. 162.) Petitioner did not appeal from the revocation judgment.

Petitioner subsequently filed the § 2255 motion.[1]

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1] The Government also brought a new criminal case against Petitioner for possession of child pornography. (Indictment, 1:23-cr-00073-LEW-1, ECF No. 1.) After a trial in June 2024, the jury found Petitioner guilty. (Jury Verdict, 1:23-cr-00073-LEW-1, ECF No. 93.) At the same time the Court imposed the additional prison time for the violation of supervised release, the Court sentenced Petitioner in the new case. (Sentencing Hearing, 1:23-cr-00073-LEW-1, ECF No. 108.) The Court imposed a 121-month prison term, to be served consecutively with the penalty for the violation of the conditions of supervised release in the first criminal case. (Judgment, 1:23-cr-00073-LEW-1, ECF No. 111; Amended Judgment, 1:23-cr-00073-LEW-1, ECF No. 119.) Petitioner also filed two § 2255 motions in the second case, but the Court previously dismissed the petitions without prejudice because Petitioner's appeal in the second criminal case remains pending. (Notice of Appeal, 1:23-cr-00073-LEW-1, ECF No. 110; Motions, 1:23-cr-00073-LEW-1, ECF Nos. 121, 142, Orders, 1:23-cr-00073-LEW-1, ECF Nos. 139, 146.)

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claims do not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because paragraphs (2), (3), and (4) of § 2255(f) do not apply, the limitations period began to run when Petitioner's judgment of conviction became final.[2]

The First Circuit affirmed the district court's judgment on September 14, 2016. Petitioner then had ninety days to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13. Petitioner did not file a request for a writ from the Supreme Court. Petitioner's judgment became final following the expiration of the ninety-day period on December 13, 2016. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on

---

[2] Petitioner's claims all challenge the original proceedings and judgment in this case, not the revocation proceedings or the revocation judgment.

3

direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). The limitation period for filing a § 2255 motion to challenge the judgment expired one year later, on December 13, 2017. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted). The Court received Petitioner's § 2255 motion on April 28, 2025, more than seven years after the limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner does not allege any circumstances that would support an equitable tolling finding.

A sufficient showing of "actual innocence" can also provide "a gateway through which a petitioner may pass" to reach the merits of a postconviction challenge despite a procedural default or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish a gateway innocence claim, a petitioner must show that it is more likely than not that, "in light of the new evidence, no reasonable juror would

find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006) (discussing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Petitioner does not present any evidence that was not presented or available at trial bearing on the question of his guilt.

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because neither equitable tolling nor gateway actual innocence applies, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of February, 2026.